IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| Olandio Ray Workman, | ) | |
| --- | --- | --- |
| | ) | Civil Action No. 6:17-cv-02387-RBH-KFM |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT OF MAGISTRATE JUDGE** |
| | ) | |
| Mayor Knox White, Derek Polsinello, Cassandra Gorton, Walter Wilkins, Paul B. Wickensmer, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff, proceeding *pro se*, seeks relief pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983, and submit findings and recommendations to the District Court.

## BACKGROUND

The plaintiff is a pretrial detainee at the Greenville County Detention Center. The plaintiff alleges that Cassandra Gorton conspired with Derek Polsinello "to deprive [him] of [his] constitutional rights" (doc. 1 at 4). He seems to allege that Gorton and Polsinello engaged in a conspiracy concerning his preliminary hearing and the testimony of an officer (*id*. at 5). It appears the plaintiff believes that the officer was lying during his preliminary hearing and he and Gorton had discussed impeaching the officer at trial with his testimony elicited in the hearing (*id*. at 5–6). Gorton agreed to redact the officer's testimony, and the plaintiff argues Polsinello improperly learned details of their trial strategy (*id*. at 6). He asserts that the defendants have caused him "mental emotional distress pain and suffering" (*id*.).

The plaintiff seeks $333,000 from Polsinello and Gorton (*id*.). He requests that Walter Wilkins and Mayor Knox White erase his entire criminal history (*id*.). The plaintiff states that he is "going to let the courts deal with" Paul B. Wickensmer (*id*.).

**DISCUSSION**

The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S.Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Cassandra Gorton is not amenable to suit under § 1983 because she was not acting under color of state law. "Anyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983." *Filarsky v. Delia*, 132 S. Ct. 1657, 1661 (2012). To determine whether state action is present, no single factor is determinative and the

2

"totality of the circumstances" must be evaluated. *See Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 341–43 (4th Cir. 2000). However, purely private conduct, no matter how wrongful, is not actionable under 42 U.S.C. § 1983 and the United States Constitution. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1983); *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001). In this case, the complaint alleges no facts to show that this defendant is a state actor amenable to suit under § 1983. The Fourth Circuit Court of Appeals has specifically held that appointed defense counsel are not state actors for purposes of § 1983 claims. *See Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976) ("A private attorney who is retained to represent a criminal defendant is not acting under color of state law, and therefore is not amenable to suit under [§] 1983."); *Hall v. Quillen*, 631 F.2d 1154, 1155 (4th Cir. 1980) (finding no state action under § 1983, even where the plaintiff's attorney was court-appointed); *Mahaffey v. Sumter Cty. Pub. Def.'s Corp.*, C/A No. 3:06-3557-SB, 2007 WL 3001675, at *4 (D.S.C. Oct. 9, 2007) ("[T]he Sumter County Public Defender's Corp. did not act under color of state law and is entitled to summary dismissal."). Accordingly, the complaint fails to state a claim upon which relief can be granted against Gorton.

Moreover, the plaintiff identifies Polsinello and Wilkins as solicitors. Prosecutors have absolute immunity for activities in or connected with judicial proceedings such as criminal trials, bond hearings, bail hearings, grand jury proceedings, and pretrial motions hearings. *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Thus, any claims against Polsinello and Wilkins for actions taken during a preliminary hearing and over the course of the resolution of his criminal charges are barred by the doctrine of prosecutorial immunity.

The plaintiff sues White, the Mayor of Greenville, asserting that he "acted under color of state law because under contract with Greenville County" (doc. 1 at 4). A plaintiff must affirmatively show that a defendant acted personally in the deprivation of his

3

or her constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See Cox v. U.S. Attorney Gen., et al.*, 2012 WL 1570110 at *2 (D.S.C. April 10, 2012); *Howard v. Childs*, 2012 WL 527596 at *4 (D.S.C. Jan. 19, 2012). Because the instant pleadings provide no specific factual allegations as to how White has violated the plaintiff's constitutional rights, the plaintiff fails to establish personal liability against this defendant. Even if the plaintiff names White in his capacity as mayor, supervisory liability cannot rest on the doctrine of respondeat superior. *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999). As the plaintiff provides insufficient factual allegations to subject White to personal or supervisory liability, he should be summarily dismissed from this case. *See Mincy v. Richland Cty. Det. Ctr.*, 2012 WL 1987196, at *2 3 (D.S.C. May 9, 2012).

Similarly, with respect to Wickensmer, the plaintiff states that he "acted under color of state law when conspiring to deprive me of my constitutional rights" (doc. 1 at 4). The plaintiff has failed to provide specific factual allegations concerning how Wickensmer has violated the plaintiff's constitutional rights. Moreover, to the extent that the plaintiff is alleging Wickensmer's liability stems from any performance of duties in his role as the Clerk of Court, it is well settled that clerks of court and other court support personnel are entitled to immunity similar to judges when performing their quasi-judicial duties. *See Jarvis v. Chasanow*, 448 F. App'x 406 (4th Cir. 2011); *Stevens v. Spartanburg Cty. Prob., Parole, and Pardon Servs.*, C/A No. 6:09-795-HMH-WMC, 2010 WL 678953, at *7 (D.S.C. Feb. 23, 2010). "Absolute immunity 'applies to all acts of auxiliary court personnel that are basic and integral part[s] of the judicial function.'" *Jackson v. Houck*, 181 F. App'x 372, 373 (4th Cir. 2006) (quoting *Sindram v. Suda*, 986 F.2d 1459, 1461 (D.C. Cir. 1993)).

## **RECOMMENDATION**

It is recommended that the District Court dismiss this action *without prejudice*.

The plaintiff's attention is directed to the important notice on the next page.

                                                      s/ Kevin F. McDonald
                                                      United States Magistrate Judge

September 7, 2017
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).