UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Olandio Ray Workman, ) | Civil Action No.: 6:17-cv-02387-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Mayor Knox White, Derek Polsinello, ) | |
| Cassandra Gorton, Walter Wilkins, and ) | |
| Paul B. Wickensmer, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Olandio Ray Workman, a pretrial detainee proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 against the above-captioned Defendants. *See* ECF No. 1. The matter is before the Court for consideration of Plaintiff's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Kevin F. McDonald, who recommends summarily dismissing this action without prejudice.[1] *See* ECF Nos. 9 & 11.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).

to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

**Discussion**[2]

Plaintiff, a state pretrial detainee being held at the Greenville County Detention Center, has filed this § 1983 action against his court-appointed attorney (Cassandra Gorton), two solicitors (Derek Polsinello and Walter Wilkins), the mayor of Greenville (Knox White), and the clerk of the Greenville County Circuit Court (Paul Wickensmer). *See* ECF No. 1. Plaintiff's allegations relate to his ongoing criminal proceedings, including his preliminary hearing.[3] The Magistrate Judge recommends summarily dismissing this action because (1) Defendant Gorton is not amenable to suit under § 1983; (2) Defendants Polsinello and Wilkins have prosecutorial immunity; (3) Plaintiff fails to provide specific factual allegations concerning how Defendants White and Wickensmer have violated his constitutional rights; and (4) Defendant Wickensmer is immune from suit to the extent his liability is alleged to stem

---

[2] The R & R summarizes the factual and procedural background of this case, as well as the applicable legal standards.

[3] Plaintiff is a pretrial detainee being held on charges of kidnapping, domestic violence of a high and aggravated nature, two weapons charges, and threatening the life of a public official. *See* Inmate Search, https://app.greenvillecounty.org/inmate_search.htm (last visited Oct. 30, 2017); Greenville County Public Index, https://www2.greenvillecounty.org/SCJD/PublicIndex/PISearch.aspx (last visited Oct. 30, 2017). The Court takes judicial notice of these public records. *See generally Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015) ("[A] court may properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.'").

2

from his performance as clerk of court.  R & R at pp. 2–4.

Although Plaintiff lodges several objections to the R & R,[4] *see* ECF No. 11, the Court finds Plaintiff's claims fail not only for the reasons set forth in the R & R but also for an additional reason not discussed in the R & R—namely, that this Court should abstain from hearing this action pursuant to the *Younger*[5] abstention doctrine.  The Court finds *Younger* abstention is appropriate because (1) Plaintiff is involved in ongoing state criminal proceedings (2) that implicate important state interests, and because (3) Plaintiff has an adequate opportunity to raise his federal claims in the state proceedings. *See Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584 (2013) (addressing the appropriate grounds for *Younger* abstention); *Robinson v. Thomas*, 855 F.3d 278, 285 (4th Cir. 2017) (summarizing the three *Younger* criteria).  By alleging (1) that Defendant Gorton conspired with Defendants Polsinello and Wilkins (and other prosecutors) and seeking their disbarment, that (2) Wickensmer "coconspir[ed]," and (3) that Defendant White was a "policymaker" allowing these alleged acts, Plaintiff is effectively asking this Court to intervene in a pending state criminal matter.  *See, e.g.*, *Hawthorne v. Edgefield Cty.*, 2016 WL 7228243 (D.S.C. Dec. 14, 2016) (summarily dismissing based on *Younger* abstention where the plaintiff alleged his defense counsel was ineffective in pending state criminal proceedings); *Bradley v. Salisbury Police Dep't*, 2013 WL 6592489 (D. Md. Dec. 13, 2013) (summarily dismissing a case based on *Younger* abstention where the plaintiff was involved in ongoing state criminal proceedings), *aff'd*, 562 F. App'x 166 (4th Cir. 2014) ("[W]e affirm for the reasons stated by the district court.").

---

[4] In his objections, Plaintiff rehashes and supplements the allegations in his complaint, and he cites various cases that he apparently believes allow him to pursue claims against the named defendants.  *See* ECF No. 11.  Plaintiff also indicates he is attempting to assert a municipal liability claim, *see id.* at p. 3, but he has not named a municipality as a defendant.  However, even with such new factual allegations, Plaintiff's complaint would still fail for the reasons discussed in the R & R as well as the *Younger* abstention principle discussed in this Order.

[5] *Younger v. Harris*, 401 U.S. 37 (1971).

3

Moreover, Plaintiff has not made a showing of "extraordinary circumstances" justifying federal interference with the state proceedings. *See Robinson*, 855 F.3d at 286 ("A federal court may disregard *Younger*'s mandate to abstain from interfering with ongoing state proceedings only where 'extraordinary circumstances' exist that present the possibility of irreparable harm."). Accordingly, the Court modifies the R & R to reflect this additional reason for dismissal, and overrules Plaintiff's objections.

## Conclusion

For the foregoing reasons, the Court overrules Plaintiff's objections, adopts the R & R [ECF No. 9] *as modified herein*, and **DISMISSES** this action *without prejudice and without issuance and service of process*.[6]

**IT IS SO ORDERED.**

Florence, South Carolina  
November 1, 2017

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

---

[6] In the Court's view, Plaintiff cannot cure the defects in his complaint by amending it because the *Younger* doctrine's application to his claims requires abstention at this time. *See Goode v. Cent. Virginia Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015). The Court therefore declines to automatically give Plaintiff leave to amend.